# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. MAJOR, JR., <br><br> Petitioner, <br><br> v. <br><br> ROBERT GILMORE, Superintendent of SCI-Greene; THE DISTRICT ATTORNEY OF ALLEGHENY COUNTY; and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, <br><br> Respondents. | Civil Action No. 19-1296 <br> Chief District Judge Mark R. Hornak/ <br> Magistrate Judge Maureen P. Kelly <br><br><br> Re: ECF No. 12 |

## ORDER

John R. Major, Jr., ("Petitioner"), has sent to the Court for filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (the "Petition"). The Petition was formally filed after he paid the filing fee. ECF No. 7. Petitioner challenges his convictions for, *inter alia,* Involuntary Deviate Sexual Intercourse with his adopted daughter who was under the age of 16 at the time of the abuse.

After being granted an extension of time to file an Answer, ECF No. 11, Respondents filed a Motion to Stay. ECF 12. In the Motion to Stay, Respondents make two primary contentions: 1) the Petition is time-barred and, alternatively, 2) the Petition should be stayed because Petitioner has a presently pending Post Conviction Relief Act ("PCRA") Petition in state court. The Court ordered Petitioner to file a Response to the Motion to Stay by February 4, 2019. ECF No. 18. Petitioner filed a Motion for Extension of Time to file his Response, ECF No. 20, which the Court granted and gave him until March 6, 2020 to file his Response. ECF No. 22.

On March 10, 2020, the Court docketed Petitioner's Response, which was ostensibly signed on March 3, 2020. ECF No. 27 at 14. In his Response, Petitioner mostly addresses why

the Respondents' arguments regarding the Petition being time-barred are not correct. Petitioner does not appear to have directly addressed whether these proceedings should be stayed. Indirectly, he does suggest that he prefers that this Court rule on a claim made by him of alleged governmental interference with his timely filing of motions in state court, and inferentially, that he apparently opposes the stay of these proceedings. ECF No. 27 at 11. More specifically, he asserts that "[a]s Government interference is the central and controlling issue not only to the issues in his Writ of Habeas Corpus filing [i.e., the pending Petition before this Court], as well as, his sentencing issues on PCRA [i.e., the presently pending PCRA Petition in the Court of Common Pleas of Allegheny County], the Petitioner intends to file a motion to stay his filed PCRA proceeding until after this Court reviews and rules on the Government interference." Id.

In the Motion to Stay, Respondents point out that Judge Jill Rangos of the Court of Common Pleas ordered Petitioner to file an Amended PCRA Petition, which would be treated as his first PCRA petition after Petitioner was resentenced and, Respondents further point out that while the state court proceedings were ongoing, Petitioner filed the instant Petition in this Court. We take judicial notice of the docket in Petitioner's criminal case of Com. v. Major, CP-02-CR-0005251-2011 (C.P. Allegheny County).[1] The docket reveals that on January 22, 2020, Petitioner filed an Amended PCRA Petition and that on February 19, 2020, Respondents filed the Commonwealth's Answer to the Amended PCRA Petition. In addition, on February 19, 2020, the Court of Common Pleas filed its Notice of Intent to Dismiss the Petition.

---

[1] The docket of Petitioner's criminal case is available at:

https://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0005251-2011&dnh=6uedoOMEo5XkBwNpaffH1Q%3d%3d

(site last visited 3/13/2020).

Respondents point out that Petitioner has not exhausted his state court remedies. They are correct insofar as we find Petitioner fails to carry his burden to show otherwise. The Court in Calhoun v. Glint, CIV.A. 14-189J, 2014 WL 5795565, at *3–4 (W.D. Pa. Nov. 6, 2014) has explained the exhaustion doctrine as follows:

> Although the precise nature of the exhaustion doctrine is subject to some judicial disagreement, especially in matters which relate to the procedural default doctrine, the United States Supreme Court has explained that "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies **still available at the time of the federal petition.**" *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (emphasis added). Accordingly, in performing an exhaustion analysis, the question that the Court must resolve is this: at the time he filed this habeas Petition, did Petitioner have available to him any state procedure through which he could be afforded relief. 28 U.S.C. § 2254(c). *See also Wilson v. Foti,* 832 F.2d 891, 892 (5th Cir. 1987) (Section 2254's "exhaustion requirement is not met 'if he has the right under the law of the state to raise, by any available procedure, the question presented.' 28 U.S.C. § 2254(c). When determining whether state remedies are available, we look to the time of the filing of the federal habeas petition") (some internal quotations omitted).
>
> The animating principle of exhaustion is based upon considerations of comity. *See, e.g., Fay v. Noia,* 372 U.S. 391, 418, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) ("comity demands that the state courts, under whose process he is held, and which are, equally with the federal courts, charged with the duty of protecting the accused in the enjoyment of his constitutional rights, should be appealed to in the first instance ...."), *overruled on other grounds by, Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), *modified on other grounds by, Martinez v. Ryan,* —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Generally, federal court intervention would be premature whenever a state procedure still affords a petitioner with an opportunity to obtain relief from the conviction which he or she seeks to attack in a federal habeas proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1998) ("The exhaustion requirement does not foreclose federal relief, but merely postpones it."). Thus, the federal habeas doctrine of exhaustion is centered on the timing of the federal petition, i.e., was the federal habeas petition filed before the state prisoner has finished utilizing the state court procedures available to him or her. *Richardson v. Miller,* 716 F. Supp. 1246, 1266 (W.D. Mo. 1989) (*"Fay v. Noia* then explained that the doctrine of exhaustion has always been based solely on principles of comity and, as such, did no more than establish a 'rule of timing' under which, as a matter of comity, the State courts would be afforded the first opportunity to consider a state prisoner's federal claims before a federal court should exercise the habeas corpus power and jurisdiction conferred on it by 28 U.S.C. § 2254(a) .") (citations omitted). Moreover, it is the Petitioner's

3

> burden to prove that he has met the exhaustion requirement. *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005); *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).
>
> However, exhaustion is not a jurisdictional limitation, and federal courts may entertain a habeas petition from a state prisoner when no appropriate state remedy exists. *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001). Presently, there is an appropriate state remedy, both the currently pending direct appeal in the Pennsylvania Superior Court and the availability of the PCRA proceedings after the Petitioner's direct appeals have been exhausted.

Id. (footnotes omitted). We further note that it is the habeas petitioner's burden to affirmatively demonstrate that he has exhausted his state court remedies. Gonce v. Redman, 780 F.2d 333, 336 (3d Cir. 1985) ("the burden is on the habeas petitioner to establish exhaustion. *Id.* at 158. Since Gonce has not made the briefs from his state court proceedings part of the record in his federal habeas proceeding[,]" the Third Circuit concluded Petitioner failed to carry his burden).

In this case, Petitioner does not deny he has a PCRA Petition currently pending in the state courts. In fact, he concedes such. In light of the foregoing, we conclude that Petitioner fails to carry his burden to show he does not have a currently available state court remedy. As such, he fails to show he has exhausted his state court remedies, and therefore, we will grant Respondents' Motion to Stay these proceedings.

Lastly, we note that Petitioner's suggestion that he will seek to stay the currently pending PCRA proceedings in favor of litigating issues in this federal habeas proceeding in the first instance is completely backwards. In federal court habeas proceedings, there is an affirmative obligation that Petitioner exhaust his state court remedies so that the state courts, as a matter of comity and federalism, are given the first opportunity to pass on the constitutionality of the state prisoner's conviction. There is no requirement in the state courts that the state courts give the federal courts the first opportunity to pass on the constitutionality of a federal habeas petitioner's state court convictions. If anything, Petitioner should prefer to litigate his claims in state court as

4

the grounds for relief are necessarily broader in state court than in federal court and this is so because Petitioner can potentially receive relief based on both state law and federal legal errors in state court whereas he can only receive relief in federal court for federal legal errors. See, e.g., Burns v. Atty. Gen. of the State of Pennsylvania, CV 14-300 ERIE, 2016 WL 128212, at *8 (W.D. Pa. Jan. 12, 2016) ("Second, even if the recantation claim is properly before the Court and it is considered on the merits, it would be dismissed because it is not cognizable in a federal habeas proceeding. Petitioner raised his recantation claim in his PCRA proceeding under a provision of the state statute that is meant to address claims of actual innocence based upon newly-discovered evidence. 42 PA.CONS. STAT.ANN. § 9543(a)(2)(vi). This provision of the PCRA does not have a comparable counterpart in the federal habeas statute. See, e.g., Albrecht, 485 F.3d at 122-23. Petitioner claims that S.B.'s recantation demonstrates that he is actually innocent. As discussed above, a stand-alone actual innocence claim is not cognizable in a federal habeas action. Thus, while the PCRA provides for 'actual innocence' claims, the federal habeas statute requires in non-capital cases 'actual innocence plus a constitutional violation.' Id. at 122 (citing Herrera).").

Accordingly, in light of the foregoing, the following order is entered:

AND NOW, this 16th day of March 2020, it is hereby **ORDERED** that Respondents' Motion to Stay is GRANTED. This case is stayed pending Petitioner's complete exhaustion of his state court remedies, including any appeal to the state appellate courts. The parties are ordered to notify this Court no later than 45 days after Petitioner has completely exhausted his state court remedies at which time the case can be reopened, and the stay lifted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark R. Hornak
Chief United States District Judge

All counsel of record via CM-ECF

JOHN R. MAJOR, JR.
KP2470
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370